UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN WAGNER,

    Plaintiff,

v.                                  Case No. 8:18-cv-1386-T-33TGW

COLONIAL NATIONAL MORTGAGE,
A DIVISION OF COLONIAL SAVINGS, F.A.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon review of pro se Plaintiff Steven Wagner's Complaint, filed on June 8, 2018. (Doc. # 1). For the reasons that follow, the Court dismisses the Complaint and grants Wagner leave to file an Amended Complaint by August 3, 2018.

**I. Background**

Wagner initiated this action on June 8, 2018, against Defendant Colonial National Mortgage. (Doc. # 1). The Complaint references numerous grievances but only lists two causes of action:(1) declaratory relief, seeking a declaration that a state court foreclosure judgment is "illegal" and thus void; and (2) trespass in violation of "the Federal Land Patent." (Id. at 1-2).

Essentially, Wagner argues his state foreclosure judgment is void and therefore, any efforts to access his land for purposes of eviction constitute trespass. The Complaint also contains a long-

winded history of the state foreclosure proceedings, including Wagner's numerous objections to the manner in which his foreclosure action was handled by the state courts (Id. at 4-9), defenses to the state foreclosure judgment (Id. at 9-12), and a timeline of various motions and objections filed with the state court (Id. at 12-15). Because Wagner's Complaint fails to establish this Court's jurisdiction and violates Federal Rule of Civil Procedure 8, the Complaint is dismissed with leave to amend.

## II. The Complaint Does Not Establish the Basis for the Court's Jurisdiction

### A. Federal Question

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court . . . should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal

2

law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)(internal citations omitted).

The Complaint is unclear regarding the basis for the Court's exercise of jurisdiction. The Complaint alleges that "pursuant to Rule (57), and 28 USC § 2201, for Declaratory Judgments a Federal Question is involved." (Doc. # 1 at 1). However, the "Declaratory Judgment Act does not itself confer jurisdiction upon federal courts." United States v. Knowles, -- F. App'x --, No. 16-15080, 2017 WL 1089497, at *1 (11th Cir. Mar. 23, 2017). Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003)(quotation omitted). "Thus, in the context of a declaratory judgment action, we must determine 'whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court.'" Knowles, 2017 WL 1089497, at *1 (quoting Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859, 862 (11th Cir. 2008)).

Here, Wagner asserts that he is petitioning the Court for a "Declaratory Judgment regarding an alleged illegal foreclosure and an alleged Trespass on Title" to Wagner's property. (Doc. # 1 at 2). In stating this claim, Wagner appears to seek declaratory relief related to a state foreclosure proceeding. Yet, absent the availability of declaratory relief, a state foreclosure judgment

3

could not be brought in federal court. Further, Wagner states no federal statute or Constitutional provision under which this relief is sought. Therefore, Wagner's claim for declaratory relief does not establish this Court's exercise of federal question jurisdiction.

The Complaint also alleges that Wagner has a constitutional right to the protection of the Court based on "the Federal Land Patent." (Doc. # 1 at 2-3). However, "a controversy in respect to lands has never been regarded as presenting a Federal question merely because one of the parties to it has derived his title under an act of Congress." Shulthis v. McDonald, 225 U.S. 561, 569 (1912); see also Modena v. Modena, No. 1:08-cv-107, 2008 WL 4756031, at *1 (W.D. Mich. Oct. 22, 2008) ("Plaintiff's assertion that his claim to real estate is founded upon a federal land patent is insufficient to create federal-question jurisdiction." (citing Shulthis v. McDonald, 225 U.S. 561 (1912))). Therefore, Wagner's allegation that a Federal Land Patent is at issue does not establish federal question jurisdiction. If Wagner wishes to invoke this Court's federal question jurisdiction, he should clarify in his Amended Complaint whether he is bringing any claims directly under a federal statute or Constitutional provision.

B. **Diversity of Citizenship**

The Complaint also fails to sufficiently allege a basis for this Court's exercise of diversity jurisdiction. When jurisdiction

4

is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires complete diversity of citizenship and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Based on the allegations of the Complaint, the Court cannot determine that complete diversity of citizenship exists. Wagner has not alleged his citizenship, although he states his address is in North Port, Florida. (Doc. # 1 at 16). If Wagner is domiciled in Florida, he is a Florida citizen and should explicitly state his citizenship in the Amended Complaint. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

Likewise, Wagner does not allege Defendant Colonial National Mortgage's citizenship. Corporations are deemed citizens of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Wagner lists an address for Colonial National Mortgage in Fort Worth, Texas. (Doc. # 1 at 17). However, Wagner fails to allege Colonial National Mortgage's state of incorporation or its principal place of business.

The Court is also unable to determine the amount in controversy. Wagner states he is seeking a declaratory judgment. "For amount in controversy purposes, the value of injunctive or

declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)(citation omitted). Wagner fails to allege the monetary value of the home or any damages from the trespass. Therefore, without further information, the amount in controversy is entirely speculative. If Wagner wishes to proceed in this Court on the basis of diversity jurisdiction, he should clearly identify the citizenships of all parties and provide more information on the amount in controversy.

**C. Rooker-Feldman Doctrine**

There is another potential problem regarding the Court's jurisdiction. Wagner states the state court "closed their books on the matter of the foreclosure judgment in favor of the Defendant-Colonial National Mortgage in error." (Doc. # 1 at 1). "Under the Rooker-Feldman doctrine, a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Valentine v. BAC Home Loans Servicing, L.P., 635 F. App'x 753, 756 (11th Cir. 2015)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). If a state court has entered a judgment of foreclosure against Wagner, this Court cannot serve in an appellate capacity and second-guess that court's decision about the foreclosure. The

6

proper remedy would be to appeal the state court's foreclosure judgment through the state court system.

Wagner, in the Complaint, addresses the Rooker-Feldman doctrine, but states "when a Federal Land Patent is involved, State statutes have to take second place." (Doc. # 1 at 15). This conclusory statement fails to allege a valid exception to the Rooker-Feldman doctrine. Therefore, if Wagner is seeking a review of a state court proceeding, this Court is unable to act in an appellate capacity and rule on the validity of the state court's judgment.

### III. The Complaint is a Shotgun Complaint

#### A. Legal Standard

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may sua sponte dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party

must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes, 79 F.3d at 1082.

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. A defendant faced with such a complaint is not expected to frame a responsive pleading. Id.

**B. Discussion**

In addition to failing to establish a basis for this Court's jurisdiction, Wagner's Complaint violates Federal Rule of Civil Procedure 8. The Complaint constitutes a shotgun pleading, as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. For example, under the heading "The More Current Filing Show," the Complaint provides an in-depth timeline of various motions and rulings made in the state foreclosure case. (Doc. # 1 at 12). Further, the Complaint gives an account of letters written to a real estate broker demanding proof of title. (Id. at 13). Lastly, the Complaint alleges that attorneys and judges who are members of the American Bar Association are biased in foreclosure cases and should be "disqualified." (Id. at 7). It is unclear how these facts relate to any cause of action. Furthermore, the historical recitation of a state court proceeding is far from a short and plain statement, as required by Rule 8.

Additionally, the Complaint violates Rule 10(b) because it does not "separate[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1322-23. In his Amended Complaint, Wagner should label each cause of action as a numbered count and clearly identify the legal basis for that claim. Finally, neither cause of action requests damages. In fact, the Complaint fails to explicitly state the relief sought for the trespass claim.

If Wagner chooses to file an Amended Complaint, he must comply with Rule 8 and Rule 10(b) by separating each cause of action into different counts and by providing a short and plain statement alleging his entitlement to relief.

IV. **Conclusion**

Because Wagner's Complaint fails to sufficiently establish a basis for the Court's jurisdiction and is a shotgun complaint, the Complaint is dismissed with leave to amend by August 3, 2018. Failure to do so will result in dismissal of this action without further notice.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiff Steven Wagner's Complaint (Doc. # 1) is **DISMISSED**. Wagner may file an Amended Complaint by **August 3, 2018**. Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 3rd day of July, 2018.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE